LEE TRAN & LIANG LLP
K. Luan Tran (SBN 193808)
luan.tran@ltlattorneys.com
Joe H. Tuffaha (SBN 253723)
joe.tuffaha@ltlattorneys.com
Julie A. Choi (SBN 281100)
julie.choi@ltlattorneys.com
601 South Figueroa Street, Suite 3900
Los Angeles, California 90017
(213) 612-8900 (telephone)
(213) 612-3773 (facsimile)

Attorneys for Defendant
Solomon Bier

# UNITED STATES DISTRICT COURT

# THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITSPOT VENTURES, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>  v.<br><br>SOLOMON BIER, an individual; and DOES 1-25, inclusive,<br>            Defendants. | Case No. 2:15-cv-06454<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed Concurrently with:<br>  1. Notice of Related Cases;<br>  2. Notice of Pendency of Actions; and<br>  3. Certification and Notice of Interested Parties] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, ITS COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Defendant Solomon Bier ("Defendant" or "Bier"), hereby removes the above-entitled civil action from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1338(a), 1441(a) and 1454(a).

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received and filed in this action are attached as Exhibits A through F and incorporated herein by reference. Also, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Fitspot Ventures, LLC and filed with the Clerk of the California Superior Court for the County of Los Angeles. A copy of the notice that will be filed in state court is attached hereto (without exhibits) as Exhibit G.

In support of this removal, Bier respectfully submits the following:

## I. STATEMENT OF THE CASE

1. On August 12, 2015, Plaintiff Fitspot Ventures, LLC ("Plaintiff") initiated the instant action against Defendant Solomon Bier and Does 1 through 25 by filing a complaint ("Complaint") in the Superior Court of California, County of Los Angeles, Case Number BC590952. Attached hereto as Exhibit A are true and correct copies of the Complaint, Summons, and Civil Case Cover Sheet. The Complaint alleges four causes of action for misappropriation of trade secrets, breach of written contract, conversion, and breach of fiduciary duty. In its Complaint, Plaintiff alleges that it is the creator of a mobile application called "Fitspot," which provides users with on-demand training sessions. *See generally*, Ex. A, Complaint. Plaintiff alleges that Bier worked for Plaintiff as a Technical

Co-founder and developed the code to power Plaintiff's application. *Id*. Plaintiff further alleges that in or around August 2015, it "severed ties with [Bier]" and upon separation, Bier refused to return "Plaintiff's company-issued laptop, . . . gained exclusive control over Plaintiff's customer database, written digital codes, passwords and marketing techniques . . . and has changed the passwords to the digital platforms where Plaintiff's trade secrets and intellectual property is stored for the purpose of denying Plaintiff . . . access to the same." Complaint, ¶3.

2. Plaintiff alleges conversion as its third cause of action and claims that "Defendant removed and retained proprietary and confidential information . . . belonging to Plaintiff, without authorization, for Defendant's personal economic advantage." Complaint, ¶¶39-40. It is clear that the proprietary and confidential information includes "Plaintiff's code" and other "intellectual property". Complaint, ¶¶3, 19. This cause of action is predicated on rights governed exclusively by federal law, specifically the Copyright Act, and presents a federal question requiring removal of the state action to this Court. 17 U.S.C. § 301(a).

3. On August 14, 2015 Plaintiff filed an *Ex Parte Application* for (1) A Temporary Restraining Order and; (2) An Order to Show Cause Re: Preliminary Injunction and the Declarations of Jonathan Cohn, Maurice D. Pessah, Sammy Courtright, and Michelle Eshaghian in support of its application. Attached hereto as Exhibit B are true and correct copies of Plaintiff's Ex Parte Application and supporting declarations.

4. On August 14, 2015, Defendant filed his Opposition to Plaintiff's *Ex Parte* Application for a temporary restraining order seeking "Mandatory and Prohibitory Injunctive Relief" and the Declaration of Solomon Bier in Support Thereof. Attached hereto as Exhibit C are true and correct copies of Defendant's opposition and supporting declaration.

5. Still on August 14, 2015, the Court granted Plaintiff's *Ex Parte Application* for (1) a temporary restraining order and; (2) an order to show cause

re: preliminary injunction. Attached hereto as Exhibit D is a true and correct copy of the Court's order.

6. On August 20, 2015, Defendant filed a Substitution of Attorney. Attached hereto as Exhibit E is a true and correct copy of this substitution.

7. On August 24, 2015, Defendant filed his Answer to Plaintiff's Complaint in state court. Attached hereto as Exhibit F is a true correct copy of Defendant's Answer.

## A. REMOVAL IS TIMELY

8. Plaintiff served Defendant with the Summons and Complaint on August 12, 2015. This Notice of Removal is therefore timely pursuant to 28 U.S.C. sections 1441(a), 1446(b) and 1454, because it is filed within thirty days of service of the Summons and Complaint on Defendant.

## II. GROUNDS FOR REMOVAL

9. Bier hereby removes this action based on federal question jurisdiction, pursuant to 28 U.S.C. section 1441(a). This Court has original jurisdiction over this action because Plaintiff alleges a claim for conversion which, given the underlying facts alleged and rights asserted in the Complaint, is completely preempted under the federal Copyright Act. *See* 28 U.S.C. §§ 1331, 1338(a), 1441(a), 1454(a); 17 U.S.C. § 301(a).

10. Whether a federal court has federal question jurisdiction over a case (including a removed case) "is governed by the 'well-pleaded complaint rule', which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11. Nonetheless, "a court may recharacterize a plaintiff's claims as federal if 'the particular conduct complained of [is] governed exclusively by federal law.'" *Redwood Theaters, Inc. v. Festival Enters, Inc.*, 908 F. 2d 477, 479 (9th Cir. 1990)

(quoting *Hunter v. United Van Lines*, 746 F. 2d 635, 640 (9th Cir. 1984)). One situation where federal law governs exclusively is in the case of "complete preemption" – a plaintiff cannot through artful pleading avoid federal question jurisdiction when the plaintiff's claims are completely preempted. *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1092, n. 12 (C.D. Cal. 2005).

12. The "complete-preemption doctrine is a corollary to the wellpleaded complaint rule." *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987); see also *Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 22 (1983) ("a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.").

13. Under the complete-preemption doctrine, even a well-pleaded state law claim is deemed to "arise under federal law" when a federal statute has completely preempted a particular area of law. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). Any state claim based on a "completely preempted" law is considered a federal claim and warrants removal of the complaint to district court. *Id*.

14. The complete-preemption doctrine applies to claims arising under the Copyright Act and the removal of such preempted claims is proper. *See, e.g., Dielsi v. Falk*, 916 F.Supp.985, 993 (C.D. Cal. 1996) ("[P]reempted copyright claims can be removed to federal court."); *Rosciszewski v. Arete Assoc., Inc.,* 1 F.3d 225, 232 (4th Cir. 1993) (Congress intended that actions pre-empted by § 301(a) of the Copyright Act be regarded as arising under federal law."); *see also Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1123 (N.D. Cal. 2001) ("[T]he Copyright Act completely preempts state-law claims within the scope of section 301. Accordingly, if any of the plaintiff's claims are preempted under the Copyright Act, those preempted claims must be viewed as involving federal questions for the purpose of the well-pleaded complaint rule"). "[T]he scope of the subject matter of copyright law is broader than the protections it affords." *Montz v.*

*Pilgrim Films And Television Inc.,* 649 F.3d 975, 979 (9th Cir. 2011)

15. Specifically, Section 301 of the Copyright Act preempts and abolishes any rights under the common law or state statutes that are "equivalent to copyright and that extend to works, within the scope of the Federal copyright law." *Laws v. Sony Music Entm't, Inc.,* 448 F.3d 1134, 1137 (9th Cir. 2006).

16. The Copyright Act preempts a state claim when two elements are present: (1) the work on which the state claim is based is within the subject matter of copyright; and (2) the rights that plaintiff asserts under state law are qualitatively equivalent to rights within the general scope of copyright protection. *Laws*, 448 F.3d at 1137; *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987) (*overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *Dielsi*, 916 F. Supp. at 990.

## A. THE COPYRIGHT ACT WHOLLY PREEMPTS THE THIRD CAUSE OF ACTION

i. <u>The Work at Issue is Within the Subject Matter of Copyright.</u>

17. The majority position in the federal courts, including in the Ninth Circuit, is that state law claims based on ideas fixed in tangible media are preempted by § 301(a) of the Copyright Act." *See Montz*, 649 F.3d at 979 ("Once an idea has been written down or otherwise recorded, however, we have recognized that it satisfies the Copyright Act's writing requirement because it is fixed in a tangible medium."); *see also Spear Marketing, Incorporated v. Bancorpsouth Bank, et al.*, 791 F.3d 586, 595-597 (5th Cir. 2015) (noting that it was following the majority position followed by other Circuits including the Ninth Circuit and held that the complaint at issue in that action met the above test because the trade secrets at issue included computer software (which fall within the subject matter of copyright) fixed in a tangible medium (i.e. software user interface).)

5

18. Here, Plaintiff alleges, *inter alia,* that Bier refused and continues to refuse to turn over Plaintiff's "intangible" property, including "Plaintiff's code, consumer data and access credentials to the repositories that house [Plaintiff's] application's code." Complaint, ¶¶19, 39-40. Plaintiff also alleges that this property is fixed in digital platforms. Complaint, ¶¶3, 19-20. Plaintiff claims it has demanded Bier to produce the return of its, *inter alia,* "sensitive data, trade secrets, and intellectual property." Complaint, ¶4.

19. Clearly, Plaintiff is claiming alleged conversion of its intangible property that is the Subject of the Copyright Act. *See generally,* Complaint. As held in *Firoozye*, "[t]here is little doubt that computer programs are eligible for copyright protection in certain circumstances." *Firoozye*, 153 F. Supp. 2d at 1124*; see also Spear*, *supra,* where the Court held that alleged trade secrets that include computer code are covered by the Copyright Act. Furthermore, these alleged trade secrets are fixed in a tangible medium (i.e. the digital platforms as well as the alleged laptop). As such, the first prong of the preemption test is met. *See Spear, supra,* 791 F.3d at 597-598 ("Physical property—as opposed to intellectual property fixed in a tangible medium—does not fall within the scope of interests protected by the Copyright Act. As for intangible property, we have held 'that claims for conversion of intangible property are preempted.' Thus, SMI's conversion claim, to the extent it alleges conversion of intangible 'confidential information' and 'certain trade secrets,' is preempted.").)

        ii. <u>The Rights Plaintiff Asserts Under State Law are Equivalent to Those Under Copyright Protection</u>

20. The second prong of the copyright preemption test focuses on whether the state claim requires an additional element that is not encompassed within the Copyright Act. *Rosciszewski*, *supra,* 1 F.3d at 230. In other words, whether such a claim is "part and parcel" of a copyright claim. *Del Madera*, *supra,* 820 F. 2d at 977. A conversion claim based on alleged theft of copyrightable information fixed

in a tangible medium is preempted. *Spear Marketing, Inc.*, 791 F.3d at 598. For example, in *Worth v. Universal Pictures, Inc.,* 5 F.Supp.2d 816 (C.D. Cal. 1997), the Court dealt with alleged conversion of "photographs, drawings, tunnel designs, copies of scripts, special effects specifications, stunt coordinators, story boards, budget breakdown, and a history of the Holland Tunnel." *Id.* at 823. The Court noted that while these items were physical in nature, the crux of the complaint sought damages for the profits from the unauthorized reproduction and distribution of the items. *Id.* The Court further noted that the plaintiffs failed to claim a "physical deprivation" from not having these items. *Id.* Similarly, in *Idema v. Dreamworks, Inc.,* 162 F. Supp.2d 1129 (C.D. Cal. 2001) the Court held that the conversion claim was preempted where it was "the 'intangible' value of the [copyrightable] *contents* of the documents" to which the claim in that case was addressed. *Id.* at 1192-1193, *aff'd in part, dismissed in part,* 90 F. App'x 496 (9th Cir. 2003), *as amended on denial of reh'g* (Mar. 9, 2004).

21. Here, Plaintiff's allegations are clearly equivalent to a copyright claim as Plaintiff seeks to recover for damages that resulted from Bier's alleged removal and theft of Plaintiff's trade secrets that are covered under the Copyright Act (i.e. computer code). *See* Complaint, ¶¶39-40. Furthermore, to the extent Plaintiff seeks the return of physical items (i.e. the laptop)[1], it is clear from the allegations that underlie this claim that the damages sought by Plaintiff pertain to the fact that Defendant has allegedly gained "personal economic advantage" and has been able to "unfairly compete with Plaintiff". Complaint, ¶¶39, 40. As in *Worth,* Plaintiff does not allege damages due to "physical deprivation" under this claim – rather, the alleged economic damages stem from the value of, *inter alia,* the computer code. *See* Conversion claim, generally; *see also* Misappropriation of Trade Secrets Claim, Complaint, ¶25 ("Defendant . . . continues to wrongfully retain possession

---

[1] In any event, this allegation is moot as Defendant has returned the laptop to Plaintiff.

of the laptop, **which also contains the company's sensitive trade secrets**.") (emphasis added.)  Therefore, federal copyright law preempts Plaintiff's conversion claim.

22. Since Plaintiff's third cause of action for conversion is completely preempted by the Copyright Act, Plaintiff's Complaint is removable.  *Franchise Tax Bd. Of State of Cal.*, 463 U.S. at 22; *Metro Life Ins. Co.*, 481 U.S. at 63-64.

23. This Court has supplemental jurisdiction over the first, second, and fourth causes of action in the Complaint pursuant to 28 U.S.C. § 1367(a).  These claims are related to the preempted claim such that they form part of the same case or controversy under Article III of the United States Constitution and are derived from a "common nucleus of operative fact."  *Worth*, 5 F. Supp. 2d at 823.

### III.   THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

24. This civil action, filed in the Superior Court of the State of California, County of Los Angeles, is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

25. In accordance with the requirements of 28 U.S.C. § 1446(a), all "process, pleadings, and orders" served on Bier in the state court action as of the filing of this Notice of Removal are attached hereto.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

27. Pursuant to 28 U.S.C. § 1446(d), Bier is providing written notice of this removal by serving Plaintiff's counsel of record with a complete copy thereof.

28. No previous application has been made for the relief requested herein.

29. This notice has been signed pursuant to Federal Rule of Civil Procedure 11.

## IV. CONCLUSION

Based on the foregoing, Bier respectfully removes this action to this Court.

DATED: August 24, 2015.  LEE TRAN & LIANG LLP

By /s/ K. Luan Tran
K. Luan Tran
Joe H. Tuffaha
Julie A. Choi
Attorneys for Defendant Solomon Bier