LEE TRAN & LIANG LLP
  K. Luan Tran (SBN 193808)
  luan.tran@ltlattorneys.com
  Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
  Julie A. Choi (SBN 281100)
  julie.choi@ltlattorneys.com
601 South Figueroa Street, Suite 3900
Los Angeles, California 90017
(213) 612-8900 (telephone)
(213) 612-3773 (facsimile)

Attorneys for Defendant
Solomon Bier

# UNITED STATES DISTRICT COURT

# THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITSPOT VENTURES, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLOMON BIER, an individual; and DOES 1-25, inclusive,<br>　　　　　Defendants. | Case No. 2:15-cv-06454-ODW(RAOx)<br>Hon. Otis D. Wright, II<br><br>**DECLARATION OF SOLOMON BIER**<br><br>[*Filed concurrently with Opposition to Ex Parte and Declaration of K. Luan Tran*] |

1    I, Solomon Bier, declare as follows:

2       1.      I make this declaration in opposition to Plaintiff Fitspot Ventures,

3 LLC's ("Fitspot" or "Plaintiff") ex parte application for the issuance of a

4 temporary restraining order. I am the co-founder of Fitspot and the defendant

5 named in the case entitled Fitspot Ventures, LLC v. Solomon Bier, et al., United

6 States District Court Case No. 2:15-cv-06454-ODW-RAO. The matters set forth

7 herein are known to me of my own personal knowledge, unless set forth on

8 information and belief in which case I am so informed and believe the matters to

9 be true. If called as a witness, I could and would testify to the matters set forth

10 herein.

11       2.      I have reviewed the Complaint and all other filings in this action,

12 including Plaintiff's ex parte application and the supporting declarations. There

13 are a number of false and misleading statements and representations contained in

14 Plaintiff's papers.

15       3.      In paragraph 8 of Jonathan Cohn's "Cohn" declaration ("Cohn

16 Decl."), Cohn attests that after execution of a "Confidentiality and Intellectual

17 Property Assignment Agreement" ("Confidentiality Agreement") and a Restricted

18 Unit Agreement ("RU Agreement"), "[w]ith my input, Mr. Bier began developing

19 and writing the 'code' that allows the App to function." Cohn's attestation is false

20 and misleading as to the timeline of my development of the code. On or about

21 November 14, 2014, Jonathan Cohn ("Cohn") reached out to me via telephone

22 about the possibility of me joining him to develop Fitspot. At the time, Fitspot was

23 just an undeveloped idea, with not a single line of written code and no customers.

24 Cohn informed me he did not have the technical know-how or expertise required to

25 build the app. I informed Cohn that I had already been developing an algorithm

26 that could be useful to Fitspot. Cohn then asked me to join him as a "Technical

27 Co-Founder" of Fitspot and develop the app. I agreed. Between the end of

28 November and January 14, 2015, I developed my algorithm and built an iOS app

1  and backend code.

2      4.     In Paragraph 9 of Cohn's sworn declaration, Cohn attests that "Mr.

3  Bier, while acting within the scope of the Agreements, created accounts with at

4  least two such providers: (1) Heroku; and (2) Github." That is false. I created my

5  own accounts under my name with both Heroku and Github in early 2014, well

6  before I had any involvement with Fitspot.

7      5.     In paragraph 10 of Cohn's sworn declaration, Cohn attests that "On

8  August 6, 2015, Mr. Bier accessed the Company's Heroku account and

9  intentionally disabled communication between Plaintiff's Heroku and Slack

10  accounts." Again, this is false. After I was "terminated", I notified Cohn that I

11  would be seeking legal counsel. Cohn then immediately deleted my company and

12  email accounts, removed me from my personal Apple account (revoking the

13  developer account I paid for) and signed me out of all third-party libraries

14  (unrelated to Fitspot) including Localystics and Fabrics. In taking the above steps,

15  Cohn inadvertently deleted important features, including Push notifications as well

16  as Slack web-hooks that were tied to my email account. Cohn now seeks to blame

17  me for his own errors.

18      6.     I have not altered the code at issue in this litigation that is stored on

19  my GitHub and Heroku accounts. Attached as Exhibit A is a true and correct

20  document showing that I have not engaged in any alteration of any code that may

21  be at issue in this litigation. The document consists of the history of any

22  alterations as to Code that I created – the last of which occurred prior to my

23  "termination". Any editing of any kind (even deleting one comma) would show up

24  on this activity feed with the caption "DEPLOYED". I printed this document on

25  August 26, 2015, and it shows that the last alteration occurred on August 3, 2015,

26  two days prior to my alleged termination on August 5, 2015 and well before any

27  TRO issued. I have not and do not intend to engage in any use, deletion, or

28  alteration of such code. Additionally, as of August 27, 2015, I received

1 notification from Github that my account had been frozen in light of the pending
2 litigation.  Attached as Exhibit B is a true and correct copy of this notification.
3 Furthermore, on or about the same date, my prior counsel Dan Ho informed me
4 that he was notified by Heroku that my account had been frozen in light of this
5 litigation. Therefore, I have no access to these accounts.

6      7.    Since my "termination" on August 5, 2015, Fitspot has not suffered
7 any "irreparable harm." Fitspot's daily average revenue has, in fact, increased
8 substantially since my termination. I know this because of research that I have
9 performed on the site www.braintree.com ("Braintree"). Attached hereto as Exhibit
10 C is a chart I printed off of Braintree prior to the ruling on the TRO by the state
11 court that shows the daily revenue that Fitspot has obtained since my
12 "termination," which shows an approximate increase of 80% in average daily
13 revenue. It is clear that Fitspot continues to function at a high level.

14      8.    Cohn asserts in paragraph 14 of his declaration that Fitspot has been
15 unable to (1) to determine if and when users are booking training sessions; (2)
16 unable to pay trainers; (3) unable to repair glitches in the code; and (4) unable to
17 modify any aspect of the app.  This is not correct.   As an initial matter, Fitspot's
18 users and trainers are able to communicate via Twillio, which is a SMS (Text
19 Message) and voice service where Fitspot and Cohn are able to call and text their
20 user base as well as monitor all communication between any Fitspot customer or
21 trainer/employee.  I know this because as the only technical person in Fitspot, I
22 helped set up this method of communication.  Furthermore, Fitspot has continued
23 to send automatic notifications to my email account every time a training session is
24 booked and/or paid for.  I also know, based on my technical role in the company,
25 that other executives including Cohn would have the ability to receive the same
26 notifications.   Fitspot sends automated messages to my personal gmail account via
27 contact@fitspotapp.com, an auto email reply set up by Fitspot which I have no
28 access to.

**DECLARATION OF SOLOMON BIER**

9. As further evidence that Fitspot's claim that its business "is in virtual paralysis," is false, I am aware, based on my receipt of these notifications, that between the time Fitspot submitted its application for a TRO (yesterday) and today, Fitspot has communicated with, collected payment, and trained thirteen clients via the app/system they claim is not functioning. This number may be higher as not all emails make it through my spam filter. This constitutes nearly one customer per hour. Furthermore, based on my receipt and review of these notifications, I am aware that before, during, and after the initial state court hearing on the TRO, Cohn and Sammy Courtright ("Courtright"), have personally trained users, collected revenue, and been paid out, all while claiming that Fitspot is not functioning. For example, at around the same time Fitspot's attorney was in state court on August 14, 2015 arguing for irreparable harm, including an inability to locate customers, collect payment, and pay trainers, Cohn accessed his app, contacted a user, and collected payment all via the app Fitspot claimed was not functioning. Attached as Exhibit D are true and correct copies of automatic notifications I have received.

10. The sorts of glitches Plaintiff complains of including "failed push notifications" are common errors from Apple and existed prior to August 6, 2015. Furthermore, the asserted failed password reset functionality, was not a result of any code or error but customer error.

11. Contrary to Plaintiff's assertions, I have fully complied with the State Court TRO, a true and correct copy of which is attached hereto as Exhibit E.

12. I believe that Fitspot, through its CEO, Jonathan Cohn, has planned from the outset to improperly exploit code I began to create prior to my involvement with Fitspot, and developed prior to the execution of the agreements Plaintiff relies on in its Complaint. I believe Fitspot and Cohn have engaged in fraud and deceit and I plan, shortly, to amend my Answer to assert claims for, *inter alia*, (1) Intentional Misrepresentation; (2) Fraudulent Inducement; (3)

DECLARATION OF SOLOMON BIER

1  Concealment; (4) Rescission; (5) Breach of Implied Partnership Agreement; (6)
2  Unjust Enrichment; (7) Violation of Business and Professions Code section 17200;
3  and (8) Copyright Infringement.  I believe Cohn is attempting to circumvent my
4  due process rights and take my code by painting me as a villain and grossly
5  exaggerating the urgency that Fitspot faces in order to obtain a preliminary
6  injunction, rather than a trial on the merits.

7          I declare under penalty of perjury under the laws of the United States of
8  America and the State of California that the foregoing is true and correct and this
9  declaration was executed this 27th day of August, 2015, in Los Angeles,
10  California.

11
12                                                    By: _____
13                                                            Solomon Bier
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF SOLOMON BIER

# EXHIBIT  A



# EXHIBIT  B

**Joe Tuffaha**

| | |
|---|---|
| **From:** | Solomon Bier <solomon.bier@gmail.com> |
| **Sent:** | Wednesday, August 26, 2015 4:54 PM |
| **To:** | Joe Tuffaha; Luan Tran |
| **Subject:** | Fwd: GitHub Account Suspension |
| **Attachments:** | 8-14-15 Order Re Plaintiff's TRO.PDF |

Github suspension

---------- Forwarded message ----------
From: **Jesse Geraci (GitHub Staff)** <support@github.com>
Date: Mon, Aug 17, 2015 at 5:00 PM
Subject: Re: GitHub Account Suspension
To: solomon.bier@gmail.com
Cc: Maurice Pessah <maurice@pessahgroup.com>

Hi Solomon —

We recently received the attached Temporary Restraining Order regarding certain source code and/or data relating to the company, FitSpot, that is apparently accessible via your GitHub account, "SolomonBier". In light of the TRO's prohibitions on your continued access to the FitSpot source code and/or data, we have suspended access to your account pending further Orders from the Court.

Please contact us immediately if you believe this is in error, or if you have any further questions.

Best,
Jesse

GitHub Legal

1

# EXHIBIT  C

# FitSpot



# EXHIBIT  D



Refferal Bonus

# Hi enrypt me,

Thank you for referring Sammy Courtright!

## You've earned $20.0 Fitspot credit!

## You've earned Fitspot Credits!



**FItspot**
Refferal Bonus Hi enrypt me, Thank you for referring Sammy Courtright! You've...

Aug 24 (2 days ago)

**FItspot** contact@fitspotapp.com via sendgrid.me
to me

Aug 24 (2 days ago)



Refferal Bonus

# Hi enrypt me,

Thank you for referring Jon Cohn!

# You've earned $24.73 Fitspot credit!

## You've earned Fitspot Credits!

 **Fitspot** contact@fitspotapp.com <u>via</u> sendgrid.me
to me

Aug 25 (1 day ago) 



Refferal Bonus

# Hi enrypt me,

Thank you for referring Sammy Courtright!

# You've earned $20.0 Fitspot credit!

**Fitspot**                                                    7:06 AM (14 hours ago)

Refferal Bonus Hi enrypt me, Thank you for referring Matthew Pond! You've ear...

**Fitspot**                                                    8:51 AM (12 hours ago)

Refferal Bonus Hi enrypt me, Thank you for referring Damian White! You've ear...

**Fitspot**                                                    8:57 AM (12 hours ago)

Refferal Bonus Hi enrypt me, Thank you for referring Cameron Silver! You've e...

**Fitspot**                                                    11:51 AM (9 hours ago)

Refferal Bonus Hi enrypt me, Thank you for referring Nicholas Gerken! You've ...

**Fitspot**                                                    12:05 PM (9 hours ago)

Refferal Bonus Hi enrypt me, Thank you for referring Lauren Sivan! You've ear...

to me ▼



Refferal Bonus

# Hi enrypt me,

Thank you for referring Brian Bloom!

## You've earned $28.36 Fitspot credit!

# EXHIBIT  E

**FILED**
Superior Court of California
County of Los Angeles

AUG 1 4 2015

Sherri R. Carter, Executive Officer/Clerk
By _Annette Fajardo_ Deputy
Annette Fajardo

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| FITSPOT VENTURES, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>       v.<br><br>SOLOMON BIER, an individual; and DOES 1-25, inclusive,<br><br>    Defendants. | Case No: BC590952<br>*Assigned to Hon. Barbara A. Meiers*<br>*Dept. 12*<br><br>[PROPOSED] ORDER RE PLAINTIFF FITSPOT VENTURES, LLC'S *EX PARTE APPLICATION* FOR: (1) A TEMPORARY RESTRAINING ORDER AND: (2) ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br>Hearing Date: August 14, 2015<br>Hearing Time: 8:30 a.m.<br>Hearing Dept.: 85<br>Hearing Judge: Hon. James C. Chalfant<br><br>Complaint Filed: August 12, 2015<br>Trial Date: None Set |

1

[PROPOSED] ORDER RE PLAINTIFF'S EX PARTE APPLICATION FOR: (1) A TEMPORARY RESTRAINING ORDER; AND (2) AN ORDER TO SHOW CASE RE: PRELIMINARY INJUNCTION

1    Plaintiff Fitspot Ventures LLC's ("Plaintiff") *ex parte* Application for a Temporary

2    Restraining Order and Order to Show Cause Re Preliminary Injunction came for hearing before this

3    Court on August 14, 2015 at 8:30 a.m. in Department 85 of the Superior Court of the State of

4    California, County of Los Angeles, the Honorable James C. Chalfant presiding. After full

5    consideration of the complaint filed in this action, the supporting papers filed in connection with

6    Plaintiff's Application for a TRO, Defendants opposition papers, and having heard argument of

7    counsel, it appears to the satisfaction of this Court that this is a proper case for granting an order to

8    show cause for a preliminary injunction and a temporary restraining order, and that, unless the

9    temporary restraining order prayed for by Plaintiff be granted, great or irreparable harm will result

10   to Plaintiff before the matter can be heard on regularly noticed motion.

11        THEREFORE, IT IS HEREBY ORDERED that, pending the hearing and determination of

12   the order to show cause, the above-named Defendant, and all persons acting in concert or

13   participating with them, are restrained and enjoined from engaging in or performing, directly or

14   indirectly, any and all of the following acts:

15        1.  Transacting on or accessing any of code repository accounts used or at one time used by

16            *for the purpose of using the*

            Defendant, to house source code for or in relation to Plaintiff's business known as

17            "Fitspot." This includes the Heroku and Github accounts to which Defendant has had

18            exclusive access since his separation as Technical Co-Founder of Plaintiff's company on

19            August 5, 2015.;

20        2.  Using, disseminating, deleting or in any way altering or modifying source code data stored

21            in the code repository accounts (including, but not limited to, Github and Heroku

22            accounts) that house any data, information or intellectual property related to Plaintiff, its

23            mobile application known as "Fitspot," and any other aspects of Plaintiff's business

24            activities;

25        3.  Using, disseminating, accessing, deleting or in any way altering or modifying Plaintiff's

26            customer data including, but not limited to, customer names, contact information (i.e.,

27

28                                          2

1   emails, phone number and addresses), locations, payment information and number of

2   sessions booked using the Fitspot downloadable mobile application;

3       4.  Using, disseminating, accessing, deleting or in any way altering or modifying Plaintiff's

4           data relating to fitness trainers including, but not limited to, trainer names, locations,

5           payment information and number of sessions booked using the Fitspot downloadable

6           mobile application;

7       5.  Obtaining, using, retaining, accessing, disclosing or disseminating Plaintiff's

8           confidential, proprietary and/or trade secret information stored on any movable memory

9           device in Defendant's possession, custody or control, including, but not limited to,

10           external hard drives and flash drives

11   IT IS FURTHER ORDERED that, ~~pending the hearing and determination of the order to show~~

12   ~~cause,~~ the above-named Defendant, and all persons action in concert or participating with him, ~~shall~~ *is asked to show cause why he should not*

13   ~~immediately and without delay,~~ deliver the following to Plaintiff's counsel's office at 10100 Santa

14   Monica Blvd., Suite 300, Los Angeles, CA 90067, *and he restrained from all of the items 1-5 in dkt TRO*

15       1.  The company-issued credit card that was given to Defendant while he was rendering

16           services for Plaintiff and acting as an active shareholder of Plaintiff's business;

17       2.  The company-issued parking pass that was given to Defendant while he was rendering

18           services for Plaintiff and acting as Technical Co-Founder of Plaintiff's business;

19       3.  The most recent and active access credentials to the Github and Heroku accounts that

20           Defendant used in connection with Plaintiff's business up to and including August 5,

21           2015;

22       4.  All data, source code and programming the Defendant developed for Fitspot while acting

23           as Fitspot's Technical Co-Founder;

24       5.  All data that was at one time stored on, or erased from, the Mac Book Pro laptop

25           computer that Defendant used during his time as "Technical Co-Founder" of Fitspot;

26       6.  All data that was transferred, moved or sent from the Mac Book Pro laptop computer

27           issued by Plaintiff to Defendant while Defendant was acting as Technical Co-Founder

28

3

[PROPOSED] ORDER RE PLAINTIFF'S EX PARTE APPLICATION FOR: (1) A TEMPORARY RESTRAINING
ORDER: AND (2) AN ORDER TO SHOW CASE RE: PRELIMINARY INJUNCTION

of Plaintiff, to the hard drive that was referenced in Defendant's counsel's email to Plaintiff's counsel on August 11, 2015;

6. All of Plaintiff's customer data including, but not limited to, customer names, contact information (i.e., emails, phone number and addresses), locations, payment information and number of sessions booked using the Fitspot downloadable mobile application;

7. All of Plaintiff's confidential, proprietary and/or trade secret information, and intellectual property developed, obtained, accessed or kept by Defendant by virtue of his relationship with Fitspot as its Technical Co-Founder.

IT IS FURTHER ORDERED that the above-named Defendant appear in Department **85** of this court, located at 111 N. Hill Street, Los Angeles, CA 90012, on **9/3/15** (DATE), at **9:30 am** (TIME), or as soon thereafter as the matter may be heard, then and there to show cause, if Defendant, or anyone acting in concert with him, has any reason why he should be enjoined from, and required to perform, the above described acts.

Plaintiff is ordered to give notice of this order to show cause on Defendant in the following time and manner _**5/17/15 by email**_. ~~Proof of service must be delivered to the Court hearing during the OSC on~~ _____. The parties shall adhere to the following briefing schedule:

_____

IT IS SO ORDERED.

Date: August 14, 2015

_____
HON. JAMES CHALFANT
Judge of the Superior Court

4

[~~PROPOSED~~] ORDER RE PLAINTIFF'S EX PARTE APPLICATION FOR: (1) A TEMPORARY RESTRAINING ORDER; AND (2) AN ORDER TO SHOW CASE RE: PRELIMINARY INJUNCTION