O

# United States District Court
# Central District of California

| | |
|---|---|
| FITSPOT VENTURES, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SOLOMON BIER; and DOES 1–25, inclusive,<br><br>    Defendant. | Case No. 2:15-cv-06454-ODW(RAO)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION [12]** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Fitspot Ventures, LLC's Motion for Preliminary Injunction against Defendant Solomon Bier. For the reasons set forth below, the Court **DENIES** Plaintiff's Request For A Preliminary Injunction. (ECF No. 12.)

## II. FACTUAL BACKGROUND

The Court refers to its previous Order regarding the factual background of the case and addresses only the most recent procedural history. (*See* ECF No. 16.) On August 26, 2015, Plaintiff filed an ex parte application for a Temporary Restraining Order ("TRO") and Order to Show Cause Re: Preliminary Injunction. On September 1, 2015, the Court granted Plaintiff's application enjoining Defendant from accessing the code repository accounts; altering or modifying source code, customer data, and

data relating to fitness trainers; and retaining or disclosing Plaintiff's confidential information stored on the retained external hard drive. (*Id*.) In compliance with the Court's order, the parties timely opposed and replied. (ECF Nos. 21, 22.) On September 9, 2015, the Court held a hearing on whether the Court should issue a preliminary injunction against Defendant.

### III.   LEGAL STANDARD

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and, (4) an injunction is in the public interest. *Id*. at 20; *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011). In each case, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987). Further, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

### IV.   DISCUSSION

Based upon Defendant's response and the hearing, the Court finds that Defendant has fully complied with the TRO and therefore Plaintiff's request for injunctive relief is **MOOT**. At the hearing Plaintiff was unable to provide the Court with any evidence that Defendant had not complied with the provisions set forth in the TRO. Rather, Plaintiff implied that Defendant was not being truthful about his compliance and requested that Defendant provide an affirmative declaration stating that all proprietary information has been returned to Plaintiff and the Defendant does not possess any copies. As an initial matter, such a declaration is unnecessary in light of the TRO, because the result of noncompliance is contempt of court—a serious

offense that both Defendant and his counsel would have no reason to take lightly. Second, to the extent that Plaintiff requires more from Defendant than articulated in the TRO, Plaintiff should have requested as such. The Court fully adopted the relief requested by Plaintiff. Therefore, Plaintiff cannot now add conditions that did not exist in its original request and claim noncompliance by Defendant. Lastly, the Court finds it disturbing that in the same breath as Plaintiff requesting a declaration, Plaintiff also accuses Defendant of perjuring himself in his declarations. (*See, e.g.,* Reply 3.) Clearly Plaintiff finds Defendant unreliable, and thus it is unclear why Plaintiff would put any stock in a further declaration by Defendant. Therefore, requesting Defendant to submit an additional declaration to prove compliance of with the TRO was done merely to evade the Court's inquiry as to whether Defendant had fully complied with the TRO. Because Plaintiff now possess exclusive access to its source code and physical property, the Court finds the extreme remedy of injunctive relief unwarranted.

## V.   CONCLUSION

For the reasons discussed above, the Plaintiff's Request for Preliminary Injunction is **DENIED**. (ECF No. 12.)

**IT IS SO ORDERED.**

September 11, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**